IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DERRICK GRAY #26893-077** | § |
| | § |
| V. | §   A-10-CA-874-SS |
| | § |
| **MR. R.D. RODRIGUEZ, MR. MAYNARD,** | § |
| **MRS. UNDERWOOD & MRS. FELTS** | § |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to Bivens v. Six Unknown Agents of the Bureau of Narcotics and Dangerous Drugs, 403 U.S. 388, 91 S. Ct. 1999 (1971), Plaintiff was confined in FCI Bastrop. Plaintiff names as defendants R.D. Rodriguez, Mr. Maynard, Mrs. Underwood, and Mrs. Felts. Although Plaintiff's complaint is not clear, he appears to allege the defendants conspired together to discriminate and retaliate against him and endangered inmates' lives.

Specifically, Plaintiff alleges a gang fight erupted in the recreation yard at FCI Bastrop on June 20, 2009. Plaintiff contends the fight could have been avoided if Mr. Salazar, who has not been

named as a defendant, called for back up when he noticed the gangs grouping together, stopped showing favoritism, and stopped taking property and equipment from inmates and giving it to other inmates.

Plaintiff further alleges on February 14, 2010, Defendants Rodriguez and Felts showed favoritism to Inmate Torrance Walker. Plaintiff explains Walker was in possession of Plaintiff's wrist straps while he was doing his hanging leg raises. Rodriguez allegedly confiscated the straps, and Walker denied the straps were his. Plaintiff admits he accepted ownership of the straps, which were not authorized and led to a disciplinary charge being brought against him. Plaintiff complains Walker did not receive a disciplinary charge. Plaintiff complains he was punished for the straps and received 30 days lost commissary and the loss of his two-man room.

On March 30, 2010, Plaintiff claims Defendant Underwood violated his due process rights by rejecting his administrative appeal regarding the disciplinary charge. According to Plaintiff, he submitted a grievance (BP8), which was denied. Plaintiff's appeal of the denial (BP9) was allegedly rejected by Underwood, because Plaintiff raised three separate issues. Plaintiff contends the BP9 should not have been rejected for this reason, because his BP8 was not rejected for the same reason.

On May 2, 2010, Plaintiff complains Defendant Maynard discriminated against him when Maynard denied Plaintiff a residence change. Although Plaintiff's complaint is not clear he appears to be referring to the residence to which he will be released from prison. According to Plaintiff, Maynard would not allow a change in residence because Plaintiff's proposed residence was not listed in his PSI. Plaintiff complains the PSI is 16 years old, and most of his family has moved since then.

On June 9, 2010, Plaintiff complains Defendant Rodriguez harassed him when he stated, "Inmate Gray pull up your pants you people always sagging." According to Plaintiff, Rodriguez also called him the "N-word."

As a result of these incidents, Plaintiff indicates he lost natural rest and sleep and suffered pain, emotional trauma, anxiety and depression. He seeks monetary damages in the amount of $40,000 and punitive damages in the amount of $40,000.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.  Physical Injury

Under the Prison Litigation Reform Act ("PLRA"), prisoners filing suit must demonstrate a physical injury to sustain a claim for damages. 42 U.S.C. § 1997e(e); Harper v. Showers, 174 F.3d 716, 719 n. 5 (5th Cir.1999). Section 1997e(e) states: "No federal civil action may be brought by

3

a prisoner....for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Courts have strictly construed the physical injury requirement, precluding claims by prisoners who demonstrate only mental or emotional injury and barring physical injury claims where the injury alleged is de minimus. See, e.g, Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997)(prisoner's § 1983 action dismissed where court found that a bruised ear lasting for three days did not constitute a physical injury). While there is no statutory definition of "physical injury" as used in section 1997e(e), the Fifth Circuit derives the meaning of that term from Eighth Amendment excessive force jurisprudence. In Siglar, the court stated, "In the absence of any definition of 'physical injury' in the new statute, we hold that the well established Eighth Amendment standards guide our analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than de minimus, but need not be significant." Siglar, 112 F.3d at 193(citing Hudson v. McMillian, 503 U.S. 1, 10, 112 S. Ct. 995, 1000 (1992)).

Plaintiff's claims for damages do not survive the PLRA's physical injury requirement. He alleges no physical injury in his original complaint.

C. Incident Report

Plaintiff complains he received an incident report regarding the altered wrist straps, but Inmate Walker did not.[1] In Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073 (2000), the Supreme Court recognized that equal protection claims can be brought by a " 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others

---

[1] The Court notes both inmates are black, so Plaintiff cannot be alleging he was treated unequally because of race.

similarly situated and that there is no rational basis for the difference in treatment." To prevail on such a cause of action, a plaintiff does not have to allege membership in a protected class or group. Shipp v. McMahon, 234 F.3d 907, 916 (5th Cir. 2000), overruled in part on other grounds by, McClendon v. City of Columbia, 305 F.3d 323, 328-29 (5th Cir. 2002) (en banc). However, the Fifth Circuit requires a plaintiff "to present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." Id. (quoting Hilton v. City of Wheeling, 209 F.3d 1005, 1008 (7th Cir. 2000)).

Plaintiff has not alleged or presented any evidence that the defendants deliberately sought to deprive him of equal protection of the law for reasons of a personal nature. Moreover, a rational basis exists to treat Plaintiff differently than Walker. Plaintiff admits he was the owner of the altered wrist straps, not Walker.

D. Grievance

Plaintiff complains Defendant Underwood violated his due process rights when she rejected his appeal of his grievance. Prisoners do not have a federally protected liberty interest in having their complaints resolved to their satisfaction. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).

E. Residence

Plaintiff complains Defendant Maynard did not change the residence to which Plaintiff will be released from prison. Attached to Plaintiff's complaint is a copy of the response to his BP10. Regional Director Maldonado informed Plaintiff the Presentence Investigation Report prepared in his criminal case indicated Plaintiff's legal residence was Dallas, Texas. Maldonado indicated an inmate's legal residence can be changed upon approval of a proposed release plan by the United

States Probation Office. Maldonado indicated this process ordinarily occurs approximately 17-19 months prior to an inmate's projected release date. Plaintiff was informed his request to change his release address would be discussed during that time frame.

Information from the Bureau of Prison's website indicates Plaintiff's projected release date is April 4, 2014. See Inmate Locator, www.bop.gov. Plaintiff is not within 17-19 months of his release. Moreover, Plaintiff fails to allege facts from which discrimination could be plausibly inferred. As such, Plaintiff has failed to allege a valid constitutional violation.

> F.   Racial Slurs

Plaintiff complains Defendant Rodriguez made racial slurs against him on two occasions. Plaintiff's claims are not actionable under 42 U.S.C. § 1983 because verbal threats, name calling, and threatening gestures by prison guards do not amount to a constitutional violation. See Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002); Robertson v. Plano City of Texas, 70 F.3d 21, 24 (5th Cir. 1995).

> G.   Retaliation

Plaintiff appears to allege the defendants may be retaliating against him because he filed a "Multi-Discrimination, Unsafe Environment, Retaliation and Showing Favor toward one Ethic [sic] Group" against various individuals employed by the Bureau of Prisons, sought redress from the federal courts and contacted members of the United States Congress.

To state a retaliation claim, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999). After showing invocation of a constitutional right, the prisoner must "produce direct evidence of

6

motivation" or "allege a chronology of events from which retaliation may plausibly be inferred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks and citations omitted).  Furthermore, the retaliatory adverse act must be more than de minimis to state a viable retaliation claim; the act must be "capable of deterring a person of ordinary firmness from further exercising his constitutional rights."  Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006).

Plaintiff fails to allege a chronology of events from which retaliation could be plausibly inferred.  His speculation of retaliation is not enough to state a constitutional claim. Woods, 60 F.3d at 1166.  Moreover, his personal belief that he was the victim of retaliation is not sufficient to support a retaliation claim.  Jones, 188 F.3d at 325.  An effort to show retaliation places a heavy burden on prisoners, and mere conclusory allegations are not enough.  Woods, 60 F.3d at 1166.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure

to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of January, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE